COOLEY LLP
Heidi Keefe (176960)
(hkeefe@cooley.com)
Lowell D. Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
Dena Chen (286452)
(dchen@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
*Apple Inc.*

ROPES & GRAY LLP
James R. Batchelder (CSB: 136347)
(james.batchelder@ropesgray.com)
David S. Chun (CSB: 315958)
(david.chun@ropesgray.com)
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
Tel:  650-617-4000
Fax: 650-617-4090

ROPES & GRAY LLP
Scott Taylor (*pro hac vice*)
(scott.taylor@ropesgray.com)
Prudential Tower
800 Boylston St.
Boston, MA 02199
Tel:  617-951-7013
Fax: 617-951-9000

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| YANBIN YU and ZHONGXUAN ZHANG, Plaintiffs, v. APPLE INC., Defendant. | Case No. 3:18-cv-06181-JD  **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT**  Date:  September 12, 2019 Time: 10 A.M. Courtroom:  11, 19th Floor Judge: Hon. James Donato Trial Date:  July 13 / August 17, 2020 |
|---|---|
| YANBIN YU and ZHONGXUAN ZHANG, Plaintiffs, v. SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., Defendants. | Case No. 3:18-cv-06339-JD |

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
CASE NOS. 3:18-cv-06181; 3:18-cv-06339-JD

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND .................................................................................................. 2

III. THE ASSERTED CLAIMS OF THE '289 PATENT FAIL TO RECITE PATENT-ELIGIBLE SUBJECT MATTER UNDER § 101. ................................................. 3

    A.   The Asserted Claims Fail *Alice* Step One ................................................. 3

    B.   The Asserted Claims Fail *Alice* Step Two. ............................................... 6

        1.   The recitation of a generic and conventional full-spectrum image sensor does not provide a patent-eligible inventive concept. ......................... 7

        2.   The recitation that the sensors are "closely positioned," as known in the prior art, does not provide a patent-eligible inventive concept. ............... 10

IV.  CONCLUSION................................................................................................... 12

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
  882 F.3d 1121 (Fed. Cir. 2018)................................................................................................10

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
  838 F.3d 1266 (Fed. Cir. 2016).................................................................................................3

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014)..............................................................................................................1, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................10

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016)..................................................................................................1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................................10

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018)..............................................................................................6, 8

*BSG Tech LLC v. BuySeasons, Inc.*,
  899 F.3d 1281 (Fed. Cir. 2018)..................................................................................................6

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  927 F.3d 1306 (Fed. Cir. 2019)..................................................................................................6

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019)....................................................................................5, 9, 10, 11

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) ................................................................................................10

*Cholla Ready Mix, Inc. v. Civish*,
  382 F.3d 969 (9th Cir. 2004) ..................................................................................................10

*Diamond v. Diehr*,
  450 U.S. 175 (1981)..................................................................................................................9

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)..................................................................................................6

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016)..................................................................................................3

**TABLE OF AUTHORITIES**
(continued)

Page

*Glasswall Sols. Ltd. v. Clearswift Ltd.*,
2018 WL 6720014 (Fed. Cir. Dec. 20, 2018) ...................................................................10

*Gonzalez v. Planned Parenthood of Los Angeles*,
759 F.3d 1112 (9th Cir. 2012) .........................................................................................11

*Intellectual Ventures I LLC v. Symantec Corp.*,
838 F.3d 1307 (Fed. Cir. 2016)..........................................................................................9

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
566 U.S. 66 (2012).............................................................................................................9

*RecogniCorp, LLC v. Nintendo Co.*,
855 F.3d 1322 (Fed. Cir. 2017)..........................................................................................2

*RingCentral, Inc. v. Dialpad, Inc.*,
372 F. Supp. 3d 988 (N.D. Cal. 2019) .........................................................................2, 10

*SAP Am., Inc. v. InvestPic, LLC*,
898 F.3d 1161 (Fed. Cir. 2018)...................................................................................1, 4, 9

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...........................................................................................10

*Synopsys, Inc. v. Mentor Graphics Corp.*,
839 F.3d 1138 (Fed. Cir. 2016).......................................................................................7, 8

*Thunder Power New Energy Vehicle Dev. Co. Ltd. v. Byton N. Am. Corp.*,
340 F. Supp. 3d 922 (N.D. Cal. 2018) .......................................................................5, 6, 7

*In re TLI Commc'ns, LLC Patent Litig.*,
823 F.3d 607 (Fed. Cir. 2016)............................................................................................4

*Two-Way Media Ltd. v. Comcast Cable Comm'ns, LLC*,
874 F.3d 1329 (Fed. Cir. 2017).......................................................................................8, 9

*Uniloc USA, Inc. v. Apple Inc.*,
No. C 18-00358 WHA, 2018 WL 2287675 (N.D. Cal. May 18, 2018)............................12

*Versata Dev. Grp., Inc. v. SAP Am., Inc.*,
793 F.3d 1306 (Fed. Cir. 2015)..........................................................................................8

**Statutes**

35 U.S.C. § 101 ........................................................................................................... *passim*

**TABLE OF AUTHORITIES**
(continued)

Page

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6) ...............................................................................................1, 10

PLEASE TAKE NOTICE that on September 12, 2019 at 10 a.m., in Courtroom 11, 19th Floor, United States District Court for the Northern District of California before the Honorable James Donato, Apple Inc. (Case No. 3:18-cv-06181) and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (Case No. 3:18-cv-06339) (collectively, "Defendants") shall move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' first amended complaint ("FAC," Dkt. No. 66[1]) in the above-captioned actions with prejudice for failure to state a claim.  The asserted claims of U.S. Patent No. 6,611,289 (the "'289 patent") are invalid because they recite patent-ineligible subject matter under 35 U.S.C. § 101.

This motion is based on the following Memorandum of Points and Authorities, the pleadings on file, matters of which the Court may take judicial notice, Defendants' prior motion to dismiss, and upon such other and further argument and evidence as the Court may permit.

For the Court's reference, Defendants note that the Court's claim construction hearing in the above-captioned actions is currently scheduled for **September 12, 2019 at 11 a.m.**

## I.    INTRODUCTION

The Court dismissed Plaintiffs' original complaint because the claims of the '289 patent are directed to unpatentable subject matter under 35 U.S.C. § 101, as interpreted in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014).  As to *Alice* step one, the Court found that "claim 1 is drawn to the abstract idea of taking two pictures and using those pictures to enhance each other in some way." (Dkt. No. 59 at 8.)  The Court relatedly found that, "like the unpatentable subject matter in *TLI Communications*, which was directed to 'the abstract idea of classifying and storing digital images,' the claims here are defined only in terms of their functions." (*Id.*)  As to *Alice* step two, the Court found that "'[t]here is, in short nothing 'inventive' about any claim details, individually or in combination, that are not themselves in the realm of abstract ideas.'" (*Id.* at 12, quoting *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1170 (Fed. Cir. 2018).)  The Court likewise found that "[t]here is no 'non-conventional and non-generic arrangement of known, conventional pieces.'" (*Id.*, quoting *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).)

---

[1] Unless otherwise noted, all docket references are to *Yu v. Apple Inc.*, Case No. 18-cv-06181.

Plaintiffs' FAC does not cure these shortcomings. Nothing in the FAC undermines the Court's prior conclusion that the claims are directed to the abstract idea of taking two pictures and using those pictures to enhance each other in some way. (Dkt. No. 59.) Indeed, the FAC only confirms the abstraction by alleging that the claims "focus" on a high-level, aspirational functional result: "to produce digital images having improved quality." (Dkt. No. 66, ¶ 10.)

The FAC likewise fails to identify any inventive concept in the claims that overcomes the Court's prior determination. (Dkt. No. 59 at 10-12.) Indeed, the FAC does not allege that any claimed component or function is unconventional. Nor does the FAC point to any improved software or algorithm that could be used to combine two images in a new way. Instead, the FAC alleges that two conventional components provide benefits—a full-spectrum sensor and "closely positioned" sensors—but then cites only benefits flowing from the performance of the abstract idea itself, which is insufficient, as this Court has already explained. (Dkt. No. 59 at 11.) Moreover, because the FAC's allegations of inventiveness and benefits are entirely conclusory, these allegations need not be accepted as true on a Rule 12 motion. *RingCentral, Inc. v. Dialpad, Inc.*, 372 F. Supp. 3d 988, 995 (N.D. Cal. 2019). The FAC also points to unclaimed embodiment details in the specification regarding sensor resolutions, dynamic range, and other features. However, "[t]o save a patent at step two, an inventive concept must be evident in the claims." *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017). Taken as a whole, the FAC fails to allege specific facts plausibly demonstrating any claimed inventive concept. The FAC should be dismissed accordingly.

## II.   BACKGROUND

The Court granted Defendants' motion to dismiss Plaintiffs' original complaint on the ground that "the '289 patent is directed to an abstract idea and does not add an inventive concept." (Dkt. No. 59 at 13.) The Court permitted Plaintiffs leave to amend their complaint by July 23, 2019, while noting that "[i]n light of the plain language of the claims in the patent, the Court has substantial doubt that Yu can amend around this problem." (*Id.*)

Plaintiffs filed the FAC on July 22, 2019. (Dkt. No. 66.) The FAC re-alleges that Defendants infringe claims 1, 2, and 4 of the '289 patent, the same claims asserted in the original complaint. (*Id.* ¶ 38.) The FAC contains eight new paragraphs that Plaintiffs added in an attempt to overcome the

Court's § 101 ruling. (*Id*. ¶¶ 10-17.) Paragraph 10 discusses the patent as a whole, paragraph 11 discusses subject matter that the claims allegedly do *not* cover, paragraphs 12-16 discuss passages from the patent specification, and paragraph 17 discusses the prosecution history. (*Id*.) None of the allegations, however, changes the abstract nature of the asserted claims.

## III. THE ASSERTED CLAIMS OF THE '289 PATENT FAIL TO RECITE PATENT-ELIGIBLE SUBJECT MATTER UNDER § 101.

### A. The Asserted Claims Fail *Alice* Step One

After reviewing the claim language, the Court determined that "claim 1 is drawn to the abstract idea of taking two pictures and using those pictures to enhance each other in some way." (Dkt. No. 59 at 7-8.) As the Court noted, "[f]or the digital technology involved here, the relevant inquiry is 'whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea.'" (*Id*. at 6, quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016).)

The Court's prior determination is fully consistent with the claim language. Claim 1 recites a set of generic and conventional camera components to generate two images and achieve a desired functional result: "*producing a resultant digital image from said first digital image enhanced with said second digital image*." ('289, claim 1.) The asserted claims do not recite any specific underlying technology (*e.g.*, software algorithm or circuitry design) that achieves the image enhancement. As the Court correctly observed, the claims "are defined only in terms of their functions," and the patent "does not require special hardware or software." (Dkt. No. 59 at 8.) The "purely functional nature of the claim confirms it is directed to an abstract idea, not to a concrete embodiment of that idea." *Affinity Labs of Tex., LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016).

The specification is also consistent with the claim language. The focus of the alleged invention is improving image quality by enhancing one image with another, using conventional components to perform a "generic solution." (Dkt. No. 59 at 4:16-22; '289, col. 2:3-7 ("Therefore there is a great need for a generic solution that makes digital cameras capable of *producing high resolution images* without enormously incurring the cost of photosensitive chips with multimillion photocells."), Abstract ("An improved digital camera that *produces digital images of high qualities* without using

expensive image sensors and optics is disclosed."), Summary of the Invention at 2:31-35 ("Under the constraints of *improving image qualities* without incurring substantial costs to the digital cameras, the present invention discloses improved digital cameras that use multiple image sensors with multiple lenses.") (emphases added).) Though the specification states that the disclosed embodiments produce "enhanced" images, it never explains *how* to achieve that desired goal, let alone disclose any improved software programming or hardware circuitry for doing so. ('289, col. 10:13-37 ("with images of the same imaging target from the multiple sensors, it is possible to enhance images . . . More importantly, a true color image with true resolutions is derived from the enhanced images at **830**."), Fig. 8 ("Enhance images" block **820** and "Produce a color image" block **830**).) *In re TLI Commc'ns, LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) ("The specification fails to provide any technical details for the tangible components, but instead predominately describes the system and methods in purely functional terms."); Dkt. No. 59 at 3, 8-10.

Nothing in the FAC undermines the Court's prior determination at step one. Plaintiffs' FAC drops the damning admission from their original complaint that the claimed invention "is not limited to performing any particular type of image enhancement," and adds allegations that various techniques are not covered by the claims. (*See* Dkt. No. 1, ¶ 11; Dkt. No. 66, ¶ 11.) But Plaintiffs' amended pleading cannot change the plain claim language itself—"producing a resultant digital image from said first digital image enhanced with said second digital image"—which is not limited to any particular way that the image is "enhanced," and the FAC does not raise any allegation to the contrary. ('289, claim 1.) Indeed, Plaintiffs allege for infringement purposes that their claimed "enhancement" broadly covers a wide variety of different accused features, including "digital zoom," "portrait mode," "portrait lighting," "selfie portrait mode," "selfie portrait lighting," "Face ID," and "Live Focus." (Dkt. No. 66, ¶ 32; Case No. 3:18-cv-06339-JD, Dkt. No. 61, ¶ 31.) Plaintiffs seek to monopolize the broad aspirational result of obtaining an "enhanced" image without providing any specific new technology to achieve it. The claims thus fail to achieve "the specificity required to transform a claim from one claiming only a result to one claiming a way of achieving it." *SAP Am.*, 898 F.3d at 1167.

To the extent the FAC's allegations are considered at step one, they only highlight how the claims are directed to an abstract idea. The FAC alleges that "[t]he claims of the '289 Patent *focus on an*

*improvement to the functionality of digital cameras that is achieved by*" the claimed components "*to produce digital images having improved quality*." (Dkt. No. 66, ¶ 10 (emphasis added).)  Thus, the FAC confirms that the alleged "focus" of the claims is to produce digital images with "improved quality." Even taking as true Plaintiffs' unremarkable allegation that the claims do not cover enhancement using two images from the same sensor (Dkt. No. 66, ¶ 13), the claims are still generic and abstract.  In other words, the claims are not directed to particular improvements to a physical apparatus—they instead are directed to the desired functional result of improving image quality using multiple images.  (*See also id.* ¶¶ 10, 14, 15 (allegations regarding the desired goal "*to produce images having improved qualities*," "*produce digital images having improved qualities*," "*produce digital images having improved quality . . .*") (emphases added).)  *Thunder Power New Energy Vehicle Dev. Co. Ltd. v. Byton N. Am. Corp.*, 340 F. Supp. 3d 922, 926 (N.D. Cal. 2018) (granting motion to dismiss under § 101 "based on [plaintiff's] own descriptions of the patent").

To no avail, the FAC also alleges that the patented approach may "produce images having . . . higher resolutions and greater dynamic ranges," and cites passages from embodiments in the specification to allege that the patent addresses issues such as "low signal-to-noise ratio ('SNR'), inaccurate color reproduction, and low image quality" to allegedly "produce high quality images while using both smaller image sensors (having higher yield, higher sensitivity, less cross-talking, and lower clocking rate) and smaller optical lenses."  (Dkt. No. 66, ¶¶ 10, 12, 13, 15.)  However, "the § 101 inquiry must focus on the language of the Asserted Claims themselves, and the specification cannot be used to import details from the specification if those details are not claimed." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) (quotation and citation omitted).  The language of the asserted claims recites nothing about increasing dynamic range, improving resolutions, or any of these other purported benefits discussed in embodiments in the specification.  ('289, claims 1, 2, 4.) Nor do Plaintiffs' proposed claim constructions refer to such purported benefits.  (*See* Dkt. No. 53-1.)

Moreover, as this Court noted in its first Dismissal Order, a § 101 challenge is not overcome by pointing to benefits flowing from performance of the claimed abstract idea—which is all that these new allegations do.  "None of the purported benefits for digital photography alleged . . . in the '289 specification or claims contribute to patentability because they are attributable to the abstract idea of

using multiple images to enhance one image, and not anything substantially beyond that." (Dkt. No. 59 at 11 (quoting *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1288 (Fed. Cir. 2018)).)

## B.   The Asserted Claims Fail *Alice* Step Two.

Step two examines whether the claims recite "significantly more" than the abstract idea, which the Court determines as "a question of law," though the inquiry can involve subsidiary factual considerations. *BSG Tech*, 899 F.3d at 1289-90.  Of course, "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry," *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), and any pleaded allegations regarding an inventive concept must be sufficiently "plausible and specific." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019).  The Court previously determined that the claims fail to recite an inventive concept based on the record then before the Court.  (Dkt. No. 59 at 10-11.)

The FAC fails to supply the missing inventive concept because there is none.  To begin with, the FAC admits that "digital cameras having multiple lenses and multiple image sensors" were known in the prior art.  (Dkt. No. 66 at ¶ 10.)  Moreover, just as the Court observed regarding the original complaint, the FAC also "does not allege that the claimed invention contains unconventional digital camera elements beyond the abstract idea to which the patent is directed."  (Dkt. No. 59 at 10.)  The FAC does not allege that any of the components recited in the asserted claims—image sensors, lenses, circuitry, memory, processor—are non-conventional components, nor does it assert that any claimed component is used to perform any non-conventional function.  Thus, accepting as true all of the factual allegations in the FAC, nothing in the FAC undermines the determination that all of the components recited in the asserted claims are generic and conventional components used to perform their conventional functions.  (*See* Dkt. No. 59 at 10-11 ("Once the abstract idea is removed from the claim, all that is left here is the 'conventional technology' of a digital camera, such as image sensors, lenses, circuitry, memory and a processor being used in conventional ways.").)  *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016) ("Nothing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information."); *Thunder Power*, 340 F.

Supp. 3d at 930 (holding that patent failed step two where patentee "does not dispute the [] patent involves only generic physical components").

The FAC nevertheless points to two limitations of claim 1 in an effort to manufacture an "inventive concept" sufficient to confer patent-eligibility: (1) at least one image sensor is "sensitive to a full region of visible color spectrum," and (2) the image sensors are "closely positioned with respect to a common plane." (*See* Dkt. No. 66, ¶ 10.) Neither saves the claims.

### 1. The recitation of a generic and conventional full-spectrum image sensor does not provide a patent-eligible inventive concept.

The FAC alleges as follows regarding the use of a full-spectrum sensor:

> While digital cameras having multiple lenses and multiple image sensors existed prior to the filing date of the '289 Patent, the conventional approach at that time was to use image sensors that are responsive to only a portion of the visible color spectrum, such as a red sensor, a green sensor, and a blue sensor. The '289 Patent, however, departed from the conventional approach by utilizing at least one image sensor that is "sensitive to a full region of visible color spectrum." This unconventional approach enabled the improved digital camera of the '289 patent to produce images having improved qualities, such as higher resolutions and greater dynamic ranges, compared with prior digital cameras, including those that included multiple lenses and multiple image sensors.

(Dkt. No. 66, ¶ 10.) The critical defect in the FAC, however, is that it contains no specific factual allegations plausibly showing *how* the use of an image sensor "sensitive to a full region of visible color spectrum" allegedly achieves the supposed result of producing "images having improved qualities" such as "higher resolutions and greater dynamic ranges." (*Id.*) In other words, as discussed above, the FAC points to no benefit of the claimed invention that does not flow from the performance of the abstract idea itself—which is insufficient, as this Court has already explained. (Dkt. No. 59 at 11.)

As an initial matter, the claim language itself does not recite that the full-spectrum sensor provides a "higher resolution" (*e.g.*, large number of pixels), a "greater dynamic range," or the like. *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016) ("The § 101 inquiry must focus on the language of the Asserted Claims themselves."). The claim language does not recite that the full-spectrum sensor is anything more than a generic component performing a conventional function of producing an image.[2] ('289, claim 1 ("said second image sensor sensitive to a full region

---

[2] The parties' claim construction dispute regarding whether the patent disclaims the use of an image sensor that is coated with a mosaic of selectively transmissive filters does not affect this analysis.

of visible color spectrum; . . . said second image sensor producing a second image . . ."); claim 2 ("wherein said first image sensor sensitive to said full region of visible color spectrum").)  Nor could the FAC have contained such an allegation because the claim limitation at issue—an "image sensor sensitive to a full region of visible color spectrum"—reads on a conventional black/white image sensor, which had been used in digital cameras for decades before the priority date.

Consistent with the plain claim language, the FAC never alleges that the *claimed* full-spectrum sensor has a relatively high resolution, provides a relatively great dynamic range, or otherwise performs any specialized function that results in improved image quality.  The FAC cites various embodiments from the specification regarding image resolutions, dynamic range, signal-to-noise ratio, and other aspects of image quality.  (Dkt. No. 66, ¶¶ 12-15.)  However, the FAC concedes that these are merely "embodiments."  (*Id.*)  The FAC does not allege that any of those details from the embodiments are incorporated into the *claimed* full-spectrum sensor beyond the bare recitation that one or two sensors are "sensitive to a full region of visible color spectrum." (*Id.* ¶ 15.)  *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015) (rejecting reliance on embodiments in specification at step two where "these supposed benefits are not recited in the claims at issue"); *Synopsys*, 839 F.3d at 1149 (invalidating claims under § 101 despite 200 pages of computer source code attached to the specification).  Accepting every specific factual allegation in the FAC at face value, the claim language would still cover a low-quality conventional sensor with a low resolution, narrow dynamic range, poor signal-to-noise ratio, etc., that cannot possibly provide any relative improvement to image quality.  Thus, "the *claim* — as opposed to something purportedly described in the specification — is missing an inventive concept." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338-39 (Fed. Cir. 2017) (italics in original); *Berkheimer*, 881 F.3d at 1369 (holding claim ineligible where it "does not recite any of the purportedly unconventional activities disclosed in the specification").

The FAC's assertion that the claims recite an "unconventional approach" also does not create a genuine factual issue sufficient to find an inventive concept in the claims.  (Dkt. No. 66, ¶ 10.)  A

_____

Plaintiffs' disclaimer merely excludes one type of generic and conventional image sensor from the set of generic and conventional image sensors that may be used in the claims.

bare allegation that a feature was unconventional does not mean that it is an "inventive concept" providing "significantly more" than the abstract idea under § 101. *ChargePoint*, 920 F.3d at 773. Because step two requires "a search for an 'inventive concept'" (*Alice*, 573 U.S. at 217, citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72-73 (2014)), merely "adding novel or non-routine components is not necessarily enough to survive a § 101 challenge." *CharePoint*, 920 F.3d at 773. "Eligibility and novelty are separate inquiries." *Two-Way Media*, 874 F.3d at 1340. "'The 'novelty' of any element or steps in a process, or even of the process itself, is of no relevance in determining whether the subject matter of a claim falls within the § 101 categories of possibly patentable subject matter.'" *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) (quoting *Diamond v. Diehr*, 450 U.S. 175, 188-89 (1981)).

The FAC's citation to the prosecution history is similarly unavailing. (Dkt. No. 66, ¶ 17.) The examiner's finding that cited prior art did not disclose an image sensor "being sensitive to a full visible color spectrum" says nothing about subject matter eligibility. Indeed, a court "may assume that the techniques claimed are '[g]roundbreaking, innovative, or even brilliant,' but that is not enough for eligibility." *SAP Am.*, 898 F.3d at 1163 (citation omitted). Regardless of the potential novelty, the claims fail step two because they fail to recite something inventive constituting "significantly more" than the abstract idea. *ChargePoint*, 920 F.3d at 773. Indeed even combining two different colors or ranges of colors to produce an "enhanced" image itself is abstract and non-inventive. For decades, people have used red and blue filters to combine two images to produce three-dimensional images.

Taken as a whole, the FAC fails to allege specific facts that would be required to bridge the substantial gap from (1) using a generic and conventional full-spectrum image sensor, as claimed, to (2) the aspirational result of "produc[ing] images having improved qualities, such as higher resolutions and greater dynamic ranges." (Dkt. No. 66, ¶ 10.) Accepting as true all of the specific facts alleged in the FAC, the asserted claims merely recite the use of a generic and conventional full-spectrum sensor and then jump to the *non-sequitur* that somehow—using some unspecified underlying technology—image quality will be "enhanced" in some unspecified way. The FAC therefore falls short of pleading specific facts demonstrating that the claimed full-spectrum sensor provides an

inventive concept "sufficient to ensure that the patent in practice amounts to significantly more" than the abstract idea. *ChargePoint*, 920 F.3d at 773 (quotation and citation omitted).

For these reasons, the asserted claims are not saved by the FAC's conclusory statements that the claimed use of a full-spectrum sensor provides "an improvement to the functionality of digital cameras" and the like. On a Rule 12(b)(6) motion, the Court is not "'required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible."). Therefore, a patent plaintiff "cannot render its complaint immune from dismissal by merely asserting that its methods are 'novel' and 'improve the technology . . .'" and the like. *Glasswall Sols. Ltd. v. Clearswift Ltd.*, 754 Fed. App'x 996, 999 (Fed. Cir. 2018) (affirming grant of Rule 12(b)(6) motion to dismiss under § 101). Here, the unsupported "alleged 'factual' assertions that [Plaintiffs] point[] to as creating genuine issues of material fact are not factual in nature, but conclusory legal assertions which the district court [is] 'not bound to accept as true.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *RingCentral*, 372 F. Supp. 3d at 995 (granting motion to dismiss under § 101 where "the 'unconventional' allegations are conclusory, and the Court need not accept them as true" and plaintiff's complaint "does not allege 'specific' facts 'suggest[ing] that the claimed invention is directed to an improvement in the computer technology itself'") (quoting *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126-28 (Fed. Cir. 2018)).

### 2. The recitation that the sensors are "closely positioned," as known in the prior art, does not provide a patent-eligible inventive concept.

The other limitation of claim 1 that Plaintiffs attempt to rely upon, "closely positioned with respect to a common plane," also does not change the result at step two. The FAC alleges that "many" prior art systems used a "complex lens arrangement" using a prism to separate light to separate sensors. (Dkt. No. 66, ¶ 10.) It alleges that the claimed invention "avoided the need for such a complex lens arrangement by making the image sensors 'closely positioned with respect to a common plane.'" (*Id.*)

However, this is the same "closely positioned" arrangement that the Court rejected when granting Defendants' motion to dismiss Plaintiffs' original complaint. (*See* Dkt. Nos. 45, 46, 59.) As the Court found, "[t]he record from the patent prosecution notes that earlier patents had disclosed multiple image sensors 'closely positioned with respect to a common plane with reference to an image target, with lenses mounted in front of all sensors . . . .'" (Dkt. No. 59 at 12, citing Dkt. No. 44-1 at 4-5.) In fact, the FAC admits that the examiner explicitly found that the prior art Nagumo patent discloses multiple image sensors "closely positioned with respect to a common plane"—a finding that Plaintiffs never disputed. (Dkt. No. 66, ¶ 17.) Moreover, that cited Nagumo patent, which was filed in 1983 (sixteen years before the '289 patent), not only discloses multiple sensors with multiple lenses closely positioned with respect to the common plane, but also describes that earlier prior art used the same arrangement. (Dkt. No. 44-2 at 1:11-2:34, Fig. 1, Fig. 7.) Thus, the same claimed arrangement of multiple sensors "closely positioned with respect to a common plane" was a known prior art technique, which flatly contradicts Plaintiffs' allegation that their invention avoided a "need" for a different arrangement. The Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2012) (citation omitted); Dkt. No. 59 at 4 (cautioning that "fanciful or exaggerated allegations that later prove to be unsupported may lead to fee shifting or other sanctions") (citing cases).

Moreover, as the Court previously observed, "[t]here is scant mention of, and certainly no emphasis on, the relative positions of the lenses and sensors" in the '289 patent specification. (Dkt. No. 59 at 9.) Nothing in the specification states that the use of image sensors with respect to a common plane was even a novel feature, much less a feature that would "avoid[] the need for such a complex lens arrangement" as Plaintiffs now allege. (Dkt. No. 66, ¶ 10.) *Chargepoint*, 920 F.3d at 775 (claims fail step two where "the specification gives no indication that the patented invention involved how to add network connectivity to these charging stations in an unconventional way.").

In view of this intrinsic evidence, nothing in the FAC raises a specific, plausible fact issue that undermines the Court's prior determination. Ultimately, if Plaintiffs wanted to claim a patent-eligible invention for a specific technology that provides improved image quality including higher resolution

and increased dynamic range, they would have needed to recite those concrete improvements in their claims. For example, they could have described and claimed an invention requiring image sensors with specific pixel resolutions and dynamic range, and could have taught and claimed a specific software algorithm that achieves the enhancement of image quality by combining images in a particular way. Instead, however, the asserted claims posit nothing more than the aspirational result of enhancing image quality using generic and conventional components and a prior art arrangement. *See Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00358 WHA, 2018 WL 2287675, at *8 (N.D. Cal. May 18, 2018) (granting Rule 12 motion despite proposed complaint stating "generic allegations to the effect that [the] claimed invention represented a novel solution to a previously-unsolved industry problem" because the "claimed invention simply recites a patent-ineligible idea as implemented by 'industry standard' technology"). Plaintiffs' FAC should be dismissed with prejudice accordingly.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' FAC with prejudice.

Respectfully submitted,

Date: August 5, 2019                     By:           */s/ Heidi Keefe*
                                            Heidi Keefe (176960)
                                            (hkeefe@cooley.com)
                                            Lowell D. Mead (223989)
                                            (lmead@cooley.com)
                                            Priya B. Viswanath (238089)
                                            (pviswanath@cooley.com)
                                            Dena Chen (286452)
                                            (dchen@cooley.com)
                                            COOLEY LLP
                                            3175 Hanover Street
                                            Palo Alto, CA 94304-1130
                                            Telephone: (650) 843-5000
                                            Facsimile: (650) 849-7400

                                            Phillip Morton (*pro hac vice*)
                                            (pmorton@cooley.com)
                                            COOLEY LLP
                                            1299 Pennsylvania Avenue
                                            NW, Suite 700
                                            Washington, DC 20004-2400
                                            Telephone: (202) 842-7800
                                            Facsimile: (202) 842-7899

                                            *Attorneys for Defendant Apple Inc.*


                                         By:           */s/ James R. Batchelder*
                                            James R. Batchelder (CSB: 136347)
                                            (james.batchelder@ropesgray.com)
                                            David S. Chun (CSB: 315958)
                                            (david.chun@ropesgray.com)
                                            ROPES & GRAY LLP
                                            1900 University Avenue, 6th Floor
                                            East Palo Alto, CA  94303-2284
                                            Telephone:  650-617-4000

                                            Scott S. Taylor (*pro hac vice*)
                                            (scott.taylor@ropesgray.com)
                                            ROPES & GRAY LLP
                                            Prudential Tower, 800 Boylston St.
                                            Boston, MA 02199-3600
                                            Telephone: (617) 951-7013

                                            *Attorneys for Defendants*
                                            *Samsung Electronics Co., Ltd. and*
                                            *Samsung Electronics America, Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from all signatories.

/s/ *James R. Batchelder*
James R. Batchelder

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 5, 2019, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-1.  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-1 to accept that Notice as service of this document.

/s/ *James R. Batchelder*
James R. Batchelder